IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1996 SESSION



**FILED**

**March 24, 2008**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9510-CC-00290 |
| | ) | |
| Appellee | ) | GIBSON COUNTY |
| | ) | |
| V. | ) | HON. DICK JERMAN, JR., JUDGE |
| | ) | |
| BRUCE COLE | ) | (Sentencing) |
| | ) | |
| Appellant | ) | |
| | ) | |

FOR THE APPELLANT

Tom W. Crider
District Public Defender
107 South Court Square
Trenton, Tennessee 38382

J. Diane Stouts
Assistant District Public Defender
107 South Court Square
Trenton, Tennessee 38382

Periann S. Howghton
Assistant District Public Defender
107 South Court Square
Trenton, Tennessee 38382

FOR THE APPELLEE

Charles W. Burson
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Charlotte H. Rappuhn
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Clayburn L. Peeples
District Attorney General
109 East First Street
Trenton, Tennessee 38382-1841

Gary G. Brown
Assistant District Attorney General
109 East First Street
Trenton, Tennessee 38382-1841

OPINION FILED:_____

REMANDED FOR A NEW SENTENCING HEARING

William M. Barker, Judge

Opinion

The Appellant, Bruce Cole, appeals as of right his sentences for five convictions of sale of a Schedule II controlled substance. The Appellant argues on appeal that the trial court erred when it enhanced his sentences and ordered them to be served consecutively. Following a careful review of the record on appeal, we remand the case to the trial court for a new sentencing hearing.

On February 27, 1992, the Appellant pled guilty to separate offenses of assault and robbery. The trial judge sentenced him to three years for the robbery and eleven months and twenty-nine days for the assault, both sentences to be served concurrently. The trial judge then ordered forty-five days confinement and the remainder of the sentence to be served on probation.

On June 22, 1992, the Appellant pled guilty to, and was convicted of, five separate incidents of sale of a Schedule II controlled substance. The trial judge revoked the Appellant's probation and sentenced him to five concurrent ten-year sentences in a community corrections program.

On February 27, 1995, the Appellant was arrested for public intoxication and possession of marijuana in violation of the terms of his community corrections sentence. On June 19, 1995, at the community corrections revocation hearing, the trial judge revoked the Appellant's community corrections sentence. The trial judge also enhanced each ten-year sentence to twelve years and ordered one twelve-year sentence to be served consecutively to the remaining four twelve-year sentences for a total of twenty-four years imprisonment. The trial judge stated for the record that he had given the Appellant not only one chance, but two chances, and that he could not give him a third chance. The trial judge did not place on the record why he enhanced and ordered consecutive the Appellant's sentences.

When an Appellant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). This presumption, however, is conditioned upon an affirmative showing in the

2

record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Here, the trial judge was well within his authority to revoke the Appellant's community corrections sentence and to resentence him within bounds of the Sentencing Reform Act. A trial judge has the authority to revoke a previously imposed community corrections sentence due to a defendant's conduct. Tenn. Code Ann. § 40-36-106 (e)(4) (Supp. 1995). A trial judge "may [also] resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed . . . ." Id.

However, the trial judge did not indicate on the record to what extent he considered the Sentencing Reform Act's principles and all the relevant facts and circumstances surrounding the Appellant and the Appellant's criminal history. Since the record is void of the trial court's considerations we cannot rely on the statutorily mandated presumption of correctness. When the presumption of correctness fails, we must conduct a de novo review of whether the Appellant's sentence was appropriate. Tenn. Code Ann. § 40-35-401(d). See State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App.1992).

When the record on appeal does not contain sufficient facts for de novo review, however, it is appropriate for the reviewing court to remand the case to the trial court for a new sentencing hearing. See State v. Wilkerson, 905 S.W.2d 933, 934-35 (Tenn. 1995); State v. Kenneth Eugene Troutman, No. 03C01-9509-CC-00287 (Tenn. Crim. App., Knoxville, Nov. 6, 1996). In this case, we decline de novo review for two reasons. First, as previously stated, the trial judge did not place on the record why he enhanced and ordered consecutive the Appellant's sentences. Second, the record on appeal is very meager and does not contain any transcripts from the earlier sentencing hearings and no presentence report or other facts and circumstances regarding the Appellant's previous criminal history. Without this necessary information

3

we cannot review <u>de novo</u> whether the Appellant's sentences were appropriate.

Accordingly, this case is remanded to the trial court for a new sentencing hearing.


 

 

_____
                  WILLIAM M. BARKER, JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE